**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ARMANDO COLON,**

              **Plaintiff,**                    **9:05-CV-0129**

    **-against-**

**GLENN S. GOORD,** *et al,*

              **Defendants.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

## I.  INTRODUCTION

Plaintiff filed the instant motion seeking a temporary restraining order ("TRO") and a preliminary injunction "to ensure that [he] receive[s] meaningful access to the law library and its materials so as to be able to adequately prosecute this action." See Dkt. No. 70, Declaration in Support of Motion for a Preliminary Injunction and Temporary Restraining Order ("Plaintiff's Declaration") at ¶ 1. He seeks an order directing the defendants to provide him with "full access to actual law books and materials and provide plaintiff with supplies when needed, and, also permit a law clerk to enter the [Involuntary Protective Custody ("IPC")]  unit to help plaintiff with his legal matters." Id. at ¶ 13. In the alternative, plaintiff seeks to be "transferred to another prison where he can physically go to the law library." Id.  Defendants have opposed the motion.

## II.   STANDARD OF REVIEW

The purpose of a TRO is generally to preserve the status quo for a limited period of time until the Court has the opportunity to pass on the merits of the demand for a preliminary injunction. See Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1125 (2d Cir. 1989). Courts often apply the preliminary injunction standard when addressing a request for a TRO.

A preliminary injunction is an extraordinary measure that should not be routinely granted. Twentieth Century Fox Film Corp. v. Marvel Enterp., Inc., 277 F.3d 253, 258 (2d Cir. 2002); Christie-Spencer Corp. v. Hausman Realty Co, Inc., 118 F.Supp.2d 408, 418 (S.D.N.Y. 2000).  It has been said that it is "one of the most drastic tools in the arsenal of judicial remedies." Hanson Trust PLC v. SCM Corp., 774 F.2d 47, 60 (2d Cir. 1985).

The burden rests with the plaintiff to establish that he is entitled to the relief sought. Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 149 (2d Cir. 1999). Under the traditional test for a preliminary injunction that seeks to maintain the status quo, "a party seeking a preliminary injunction must demonstrate '(1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.'" N.A.A.C.P., Inc. v. Town of East Haven, 70 F.3d 219, 223 (2d Cir. 1995)(quoting Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir. 1991));[1] see Jackson Dairy Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979).

---

[1] The "'serious questions' prong is also frequently termed the 'fair ground for litigation' standard." East Haven, 70 F.3d at 223.

However, on a mandatory injunction which seeks to alter the status quo or provide the movant with substantially all of the relief it seeks, the moving party must make a "clear" or "substantial" showing of a likelihood of success on the merits. New York Magazine v. Metropolitan Transp. Auth., 136 F.3d 123, 127 (2d Cir. 1998); Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996), cert. denied, 525 U.S. 824 (1998). "[A] mandatory injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc., 60 F.3d 27, 34 (2d Cir. 1995)(internal quotation omitted). "Such relief is granted sparingly ...." Christie-Spencer Corp., 118 F. Supp.2d at 418 (citing Tom Doherty Assocs., 60 F.3d at 33-34).

In addition, the Court's authority to issue provisional relief is constrained by Section 802 of the Prison Litigation Reform Act ("PLRA"), which provides that preliminary injunctive relief "in any civil action with respect to prison conditions" must be narrowly drawn, extend no further than necessary to correct the harm the Court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The Court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A).

While a factual hearing is generally required on an application for a preliminary injunction, no hearing is required where material issues are not in dispute. Maryland Casualty Co. v. Realty Advisory Board on Labor Relations, 107 F.3d 979, 984 (2d Cir. 1997).

3

III.    **DISCUSSION**

Defendants argue that Plaintiff's application should be denied because he seeks to

alter the status quo yet fails to make a clear showing that he is entitled to the relief

requested; because he fails to adequately demonstrate that he will suffer irreparable harm

if the relief is not granted; and because his requested relief contravenes the limitations of

Section 802 of the PLRA.  The Court agrees.

Plaintiff seeks to alter the status quo regarding the terms and conditions of his

confinement in IPC, and requests much of the relief he ultimately seeks. See Am. Compl.,

Dkt. No. 31;[2]  Proposed 2nd Am. Compl., Dkt. No. 72.[3]   However, he has failed to

demonstrate a clear or substantial likelihood of success on the merits.  In his motion

papers, Plaintiff merely makes the conclusory statement that he "has a great likelihood of

success on the merits." See Dkt. No. 70, Memorandum of Law at 11.

Even accepting as true the allegations that Defendants have limited his access to

---

[2] In his amended complaint, Plaintiff makes the following allegations: (1) the defendants failed to protect him from the assault by another inmate on November 30, 2002 in violation of his Eighth and Fourteenth Amendment rights; (2) he was improperly placed in Administrative Segregation and then Involuntary Protective Custody ("IPC") after the November 30, 2002 incident in violation of his Fifth, Sixth and Fourteenth Amendment rights; (3) his continued confinement in IPC without meaningful reviews violates his Fourteenth Amendment rights; (4) the conditions and restrictions placed on IPC inmates at Auburn Correctional Facility ("Auburn") violates his First, Fifth, Sixth, Eighth and Fourteenth Amendment rights; (5) the defendants are violating his First, Fifth, Sixth, Eighth and Fourteenth Amendment rights by not transferring him out of Auburn or releasing him into the general population; and (6) some of the defendants violated his First, Fifth and Eighth Amendment rights by subjecting him to racially motivated excessive force on July 18, 2004. See Dkt. No. 31, amended complaint at pp. 17-25.  Plaintiff seeks declaratory and injunctive relief, as well as monetary damage. Id. at ¶ 148.

[3] Plaintiff has recently filed a motion to file a second amended complaint. See Dkt. No. 72. In his proposed second amended complaint, Plaintiff seeks a preliminary and permanent injunction ordering the defendants to "immediately transfer [him] to another prison or release him back into the general population." See Dkt. No. at 72, proposed amended pleading at ¶ 169. Also in the proposed amended complaint, Plaintiff requests injunctive relief regarding the conditions and restrictions for inmates held on IPC status; this relief includes, *inter alia*, a law library clerk being able to come onto the IPC unit and unlimited access to legal books and materials. Id. at ¶ 172(h), (i).

the law library due to his IPC status and have restricted his contact with library law clerks who have legal training, he has not established that he will likely succeed on his claims. The Supreme Court has held that prisons must provide either adequate law libraries or adequate assistance. Bounds v. Smith, 430 U.S. 817, 828 (1977). Plaintiff acknowledges that he has had access to both a law library clerk and library materials at Auburn Correctional Facility. See Dkt. No. 70, Plaintiff's Declaration at ¶¶ 5, 6, 7. He has not demonstrated that the contents of the law library at Auburn is inadequate but merely complains about the efficiency of the law clerk assigned to assist IPC inmates and the expediency in which he receives legal supplies and the materials he requests from the law library. Id. Assuming that his access to law clerks has been terminated, see Reply, Dkt. No. 75, the fact remains that he still has access to the books from the law library.

Further, Plaintiff has not demonstrated that he has suffered an actual injury due to these conditions. See Lewis v. Casey, 116 S. Ct. 2174, 2179 (1996)(On an access to courts claim, whether or not the claim involves law libraries or legal assistance, an inmate must demonstrate actual injury.). In this regard, Plaintiff has not established that he has been hindered in his pursuit of the claims in this or any other action. Id. To date Plaintiff has filed his complaint, a motion for appointment of counsel, a motion to take the defendants' depositions, a motion to extend the pretrial deadlines, a motion to file an amended complaint, an amended complaint, a motion to certify a class action, a motion to file a second amended complaint, as well as the instant motion. See Dkt. No. 1, 22, 23, 25, 27, 31, 56, 63, 70 and 72. In addition, he has served defendants' counsel with numerous discovery demands. Id. at 68. Magistrate Judge DiBianco concluded in denying Plaintiff's motion for appointment of counsel that "it appears to the Court as though, to

date, the plaintiff has been able to effectively litigate this action." 12/18/05 Order, Dkt. No.
24, p. 2. Plaintiff has submitting nothing that would change this conclusion.

Moreover, Plaintiff has failed to establish that he will suffer irreparable injury if the
requested relief is not granted.  "'Perhaps the single most important prerequisite for the
issuance of a preliminary injunction is a demonstration that if it is not granted the applicant
is likely to suffer irreparable harm before a decision on the merits can be rendered.'" Bell &
Howell: Mamiya Co. v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir. 1983)(quoting 11 C.
Wright & A. Miller, *Federal Practice and Procedure* § 2948, at 431 (1973) (footnote
omitted)). "A moving party must show that the injury it will suffer is likely and imminent, not
remote or speculative, and that such injury is not capable of being fully remedied by
money damages." National Association for Advancement of Colored People, Inc.
(NAACP) v. Town of East Haven, 70 F.3d 219, 224 (2d Cir. 1995)(citing Tucker Anthony
Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989)); Christie-Spencer Corp.,
118 F. Supp.2d at 418 ("The threat of injury must be 'actual and imminent,' not remote or
speculative, and not easily compensated by monetary damages.")(quoting Forest City
Daly Housing, Inc., 175 F.3d at 153).

Plaintiff's purported injury is wholly speculative.  He states that "this motion *seeks to
avoid* the plaintiff from suffering an actual injury (losing the action or premature dismissal)
by the inadequacies of the prison's current policy regarding inmates in the IPC unit." See
Dkt. No. 70, Memorandum of Law at 9 (emphasis added).  To the extent that Plaintiff
believes that circumstances in this case have changed such that he needs trained legal
assistance, he is free to renew his motion for appointment of counsel. See 12/18/05

6

Order, Dkt. No. 24, p. 3 ("Plaintiff may only file another motion for appointment of counsel in the event he can demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants the granting of such an application.").

Finally, the relief requested by Plaintiff goes far beyond what is appropriate in these circumstances. While the Court has considerable authority to effectuate its orders and prevent the continuation of established unconstitutional conduct, the Court must be ever cognizant of the authority and discretion afforded to prison officials in the realm of prison security. See Thornburgh v. Abbott, 490 U.S. 401, 415, 109 S. Ct. 1874 (1989) (Maintaining prison security is an undeniably significant penalogical interest); Shaw v. Murphy, 121 S. Ct. 1475, 1480 (2001)("[P]rison officials are to remain the primary arbiters of the problems that arise in prison management"); Duamutef v. Hollins, 297 F.3d 108, 113 (2d Cir. 2002)(Recognizing the "paramount importance of exercising caution in matters of prison security."). Plaintiff clearly does not want to remain in IPC at Auburn, but he has failed to present a compelling reason why the Court should override prison officials' security-based determinations as to Plaintiff's placement, his access to the law library, or his access to other inmates who may work in the law library.

Further, Defendants argue that the law library at Auburn is limited and must serve the needs of all inmates. To grant Plaintiff's request for "unlimited access" to the materials in the law library would be tantamount to ordering a private law library in Plaintiff's cell. Such a request goes far beyond that which is contemplated by Section 802 of the PLRA.

## IV.  CONCLUSION

For the above-stated reasons, Plaintiff's motion for a temporary restraining order

7

and a preliminary injunction [dkt. no. 70] is **DENIED**.


**IT IS SO ORDERED**.


DATED:January 9,2007


Thomas J. McAvoy
Senior, U.S. District Judge