UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
ARMANDO COLON,

                                              Plaintiff,

   -v.-                                                                     9:05-CV-0129
                                                                             (TJM)(GJD)

GLENN S. GOORD, *et al.*,

                                              Defendants.
--------------------------------------------------------------------------------

**APPEARANCES:**                      **OF COUNSEL:**

ARMANDO COLON
Plaintiff, *pro se*

HON. ANDREW M. CUOMO                MARIA MORAN, ESQ.
Office of the Attorney General               Assistant Attorney General
State of New York
Department of Law
Syracuse, New York
Attorneys for Defendants


THOMAS J. McAVOY, SENIOR DISTRICT JUDGE

## DECISION and ORDER

**I. Introduction and Proceedings to Date**

      Presently before the court is a motion from Plaintiff seeking certification of this action as a class action. Dkt. No. 56. Plaintiff has also filed a motion to amend his Amended Complaint. Dkt. No. 72.

      Plaintiff's original Complaint was filed on February 2, 2005. Dkt. No. 1. In his original Complaint, Plaintiff asserted claims against Defendants Goord, Selsky, Burge, Brandt, Rourke, Gummerson, and Kott with respect to his alleged unconstitutional confinement in Involuntary

Protective Custody ("IPC") at Auburn Correctional Facility.[1]  *Id.*

After the Defendants named in the original Complaint filed their Answer to the Complaint (Dkt. No. 20), Plaintiff filed a Motion to Amend his original Complaint on February 23, 2006.  Dkt. No. 27.  By this Motion, Plaintiff sought to assert claims against twelve additional Defendants: LeClaire, Roy, Knapp-David, Graham, Bellnier, Barrette, Giannotta, Austin, Droczak, Konecny, Donnelly, and Wright.  *Id.*  In the proposed amended complaint, Plaintiff claimed that his IPC confinement prevented him from enrolling in Aggression Replacement Training ("A.R.T."), a program which Plaintiff alleges he must complete to be eligible for discretionary release on parole.  *Id.*  Plaintiff also alleged that several Defendants failed to protect him from an assault by a fellow inmate and that Defendant Wright used excessive force against him.  *Id.*  Plaintiff's Motion to Amend his Complaint was granted (Dkt. No. 30) and the proposed amended complaint submitted by Plaintiff was filed as the Amended Complaint in this action.  Dkt. No. 31.

Defendants filed their Answers to the Amended Complaint on October 20, 2006 and November 15, 2006.  Dkt. Nos. 40, 62.  Prior to the filing of the Answers, Plaintiff twice requested to amend his Amended Complaint.  Both of these requests were rejected because the non-dispositive filing deadline in the action had expired on February 28, 2006.  Dkt. Nos. 37, 39.

Plaintiff filed a Motion to Certify Class on November 2, 2006.  Dkt. No. 56.  Defendants filed an Opposition in Response to the Motion to Certify Class on November 27, 2006.  Dkt. No. 69.

On November 16, 2006, after a request submitted by Plaintiff, the Court granted Plaintiff

---

[1] Specifically, Plaintiff claimed that he was ordered confined in IPC in violation of his due process rights and that his continued IPC confinement violates his constitutional rights.  *Id.*

leave to file a motion to amend his Amended Complaint by November 30, 2006. Dkt. No. 63.

Plaintiff filed a Motion to Amend on November 30, 2006. Dkt. No. 72. Defendants advised the

Court that they take no position with respect to Plaintiff's Motion to Amend. Dkt. No. 76.

## II. Motion to Certify Class

Plaintiff seeks certification of a class consisting of

> All DOCS inmates that were, and currently are being held in a IPC unit under Involuntary Protective Custody status in all DOCS facilities within New York State during the period commencing on the first date that defendants and their agents and employees began operating IPC units, or said status, until the date trial commences (the "class period"), and who are not as of the date of trial, members of a certified state class seeking injunctive and declaratory relief and monetary damages stemming from the due process violations of their placement in, and continued confinement to IPC units and status.

Dkt. No. 56-2 at 1-2.

Defendants oppose this Motion to Certify Class and contend that class certification is not appropriate in this action. Dkt. No. 69-2 at 3. Defendants claim that Plaintiff has not presented any evidence that "the conditions and restrictions" he "allegedly experienced as an IPC inmate at Auburn are 'typical' or 'common' of inmates housed in other New York State Department of Correctional Services facilities." *Id.* at 4. Defendants contend that Plaintiff has not demonstrated that there is "a single overriding 'ultimate legal issue' common to all prospective class members," because this action includes claims that are unique to Plaintiff. *Id.*

The party seeking to certify a class bears the burden of establishing the prerequisites of Federal Rule of Civil Procedure 23. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *Caridad v. Metro-North Commuter RR*, 191 F.3d 283, 291 (2d Cir. 1999), *cert. denied* 120 S. Ct. 1959 (2000). A court may certify a class action only if it is "satisfied, after a rigorous

3

analysis," that the rule's prerequisites have been established. *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 161 (1988); *In re VISA Check/Mastermoney Antitrust Litigation*, 192 F.R.D. 68, 78-79 (E.D.N.Y. 2000). In accordance with Rule 23, one or more members of a class may sue as representative parties on behalf of all similarly situated individuals only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993) (citing Fed. R. Civ. P. 23(a)). These four factors are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Marisol A. v. Giuliani*, 126 F.3d 372, 375-76 (2d Cir. 1997). All four of these requirements must be satisfied for a court to properly certify a proceeding as a class action. 7 A.C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* at § 1759 (1986).

Plaintiff has failed to satisfy the above prerequisites to class certification. Plaintiff has not demonstrated that there are questions of law or fact common to the class. Plaintiff's proposed amended complaint contains allegations of excessive force, failure to protect, and due process violations that Plaintiff has not shown to be common to the class. Dkt. No. 72-2 at ¶¶ 35-37, 60, 80, 134. Plaintiff contends that "the ongoing due process violations of numerous inmates held in IPC status at Auburn" establishes a "common course of conduct." However, Plaintiff has defined the class as including inmates held in IPC status throughout the New York State Department of Correctional Services, not just at Auburn Correctional Facility.

Further, Plaintiff has not demonstrated that his claims are typical of those of the class. Indeed, Plaintiff himself has alleged that the conditions at Auburn Correctional Facility's IPC unit

are different than the conditions at other prisons' IPC units.[2] *Id.* at ¶¶ 116, 118, 121, 123.

With respect to the adequacy of representation requirement, "[i]t is well settled in this Circuit that *pro se* plaintiffs [non-lawyers] cannot act as class representatives. They do not satisfy the requirements of Rule 23(a)(4)." *Pabon v. Goord*, 1999 WL 1063180, *1 (S.D.N.Y. Nov. 23, 1999), *quoting McLeod v. Crosson*, 1989 WL 28416, *1 (S.D.N.Y. March 21, 1989), *see also Davidson v. Coughlin*, 920 F.Supp. 305, 311 (N.D.N.Y. 1996) (McAvoy, C.J.) ("plaintiff in the instant case is pro se and unable to adequately represent the class."). Plaintiff proposes to meet the requirements of Rule 23(a)(4) by petitioning the Court for appointment of counsel in the event class certification is granted. Dkt. No. 56-2 at 15. This is "insufficient to take the case out of the customary rule." *See McLeod*, 1989 WL 28416 at *1.

Plaintiff states that he has satisfied Rule 23(b)(2), claiming that "this action fits squarely within" its provisions.[3] Dkt. No. 56-2 at 15-16. However, Plaintiff has not provided the Court with any information demonstrating that Defendants have "acted or refused to act on grounds generally applicable to the class." Fed. R. Civ. P. 23(b)(2).

In light of the foregoing, Plaintiff's Motion to Certify Class is **DENIED**.

## III. Motion to Amend

By his Motion to Amend, plaintiff seeks to remove Droczak and Donnelly as Defendants in the action and to augment the facts in support of his existing claims against the remaining

---

[2] Specifically, Plaintiff alleges that inmates at "other prison IPC units" are allowed to shave daily and possess shaving razors in their cells, to discuss legal matters and receive assistance from prison law clerks, to have access to recreational equipment, and to take photographs of themselves.

[3] Plaintiff claims that Rule 23(b)(2) has been used primarily in "civil rights, institutional, environmental and law reform cases" and that, therefore, this action satisfies the requirements of the Rule.

Defendants. Dkt. No. 72. Additionally, plaintiff seeks to supplement his proposed amended complaint with 37 pages of exhibits.

A Motion to Amend a pleading is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) states that leave to amend "shall be freely given when justice so requires." FED. R. CIV. PROC. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). The Supreme Court has stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should ... be "freely given."

*Foman*, 371 U.S. at 182.

Plaintiff's proposed amended complaint will not necessitate further discovery and hence will not delay these proceedings. Based upon the Court's review of the file, and in light of the fact that Defendants are not opposed to the proposed amendment, Plaintiff's Motion to Amend his Complaint (Dkt. No. 72) is **GRANTED**.

The Clerk is directed to file the proposed amended complaint submitted by Plaintiff as the Amended Complaint.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion to Certify Class (Dkt. No. 56) is **DENIED**, and it is further

ORDERED, that Plaintiff's Motion to Amend (Dkt. No. 72) is **GRANTED**. The amended complaint (Dkt. No. 72-2) shall be filed by the Clerk as the Amended Complaint and will supersede and replace *in toto* the Amended Complaint (Dkt. No. 31), and it is further

ORDERED, that "Droczak" and "P. Donnelly" are dismissed as Defendants in this action, and it is further

ORDERED, that Plaintiff serve a copy of the Amended Complaint on Defendants' counsel **within thirty (30) days** of the filing date of this Decision and Order, and it is further

ORDERED, that a formal response to Plaintiff's Amended Complaint be filed by the defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

Dated: February 7, 2007

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge